UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHANE MARTINEAU,

       Plaintiff,

 -against-           9:17-CV-0983 (LEK/ML)

DARREL NEWELL, *et al.*,

       Defendants.

## DECISION AND ORDER

**I. INTRODUCTION**

  Pro se plaintiff Shane Martineau brings this lawsuit under 42 U.S.C. § 1983, alleging that defendants Correction Officer Darrel Newell, Correction Officer Doug Baker, and Nurse Administrator Sue Kinter violated Plaintiff's civil rights while he was incarcerated at Clinton County Jail. Dkt. No. 1 ("Complaint"). After this Court reviewed the Complaint's sufficiency under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, Dkt. No. 5 ("October 2017 Order"), and the parties exchanged discovery, Defendants moved for summary judgment under Federal Rule of Civil Procedure 56. Dkt. No. 28 ("SJ Motion"). Plaintiff filed a response in opposition. Dkt. No. 32 ("Response").

  The Honorable Miroslav Lovric, United States Magistrate Judge, has reviewed these filings and recommends that the Court: (1) deny Defendants' SJ Motion as to Plaintiff's Fourteenth Amendment excessive force claim against Newell and Baker; and (2) grant Defendants' SJ Motion as to Plaintiff's Fourteenth Amendment medical indifference claim against Kinter. Dkt. No. 36 ("Report-Recommendation"). Neither party has filed objections to Judge Lovric's Report-Recommendation. See generally Docket. The Court now adopts the Report-Recommendation with a minor emendation.

## II. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

Neither party filed objections to the Report-Recommendation. See generally Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error, and it finds none. Therefore, the Court adopts the Report-Recommendation with the following alteration.

In laying out the two-prong test governing medical indifference claims, Judge Lovric correctly stated that "[p]retrial detainees 'receive protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment' rather than under the cruel and unusual punishment clause of the Eighth Amendment." R. & R. at 16

(quoting Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017)). Despite this, when Judge Lovric addressed what mental state a plaintiff must show to successfully state a medical indifference claim, he described the Eighth Amendment standard rather than the Fourteenth Amendment standard. R. & R. at 17 (quoting the old requirement in Salahuddin v. Goord, 467 F.3d 263 (2d Cir. 2006) that "the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result," rather than the new requirement from Darnell that "'deliberate indifference' . . . can be defined subjectively (what a person actually knew, and disregarded), or objectively (what a reasonable person knew, or should have known)").

However, because Judge Lovric found that Plaintiff had failed to establish a genuinely disputed issue of material fact on both prongs of the medical indifference analysis, R. & R. at 17, and the Court finds no clear error in this conclusion, the minor misstatement of the applicable law does not change the result of this case. See Valdiviezo v. Boyer, 752 F. App'x 29, 32 (2d Cir. 2018) (summary order) ("Although the district court analyzed the delay claim under the wrong amendment, its dismissal of the claim was nonetheless correct. For Fourteenth Amendment claims, this Court applies the same standard as the Eighth Amendment to determine whether an alleged action is objectively serious enough to be a constitutional violation."); Howard v. Brown, No. 15-CV-9930, 2018 WL 3611986, at *4 (S.D.N.Y. July 26, 2018) ("Howard's claims fail under the objective prong under either [the Eighth or Fourteenth] amendment, so there is no need to analyze the deliberate-indifference prong."). Therefore, the Court adopts the Report-Recommendation's conclusion that Plaintiff's medical indifference claim cannot survive summary judgment.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 36) is **APPROVED and ADOPTED** except for the description of the medical indifference standard under the Fourteenth Amendment; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 28) is **GRANTED** as to Plaintiff's Fourteenth Amendment medical indifference claim against Kinter and **DENIED** as to Plaintiff's Fourteenth Amendment excessive force claim against Newell and Baker; and it is further

**ORDERED**, that the Clerk terminate Defendant Kinter from this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: November 12, 2019
Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge